Filing # 120014713 E-Filed 01/21/2021 03:13:25 PM

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR SARASOTA COUNTY**
CIVIL DIVISION

HANNAH BRAUN, as Personal
Representative of the Estate of
KEVIN FRISCH, and on behalf of
Estate of KEVEN FRISCH and the
Survivors of the Estate, A.F. and R.F.,

      Plaintiff,

                                                       CASE NO.:
vs.                                         DIVISION:

RACETRAC PETROLEUM, INC., a
Foreign Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HANNAH BRAUN, as Personal Representative of the Estate of KEVIN

FRISCH, on behalf of the Estate of KEVIN FRISCH, and on behalf of the survivors of the Estate,

A.F. (a minor) and R.F. (a minor), by and through her undersigned attorney, hereby files this

Complaint and Demand for Jury Trial against Defendant RACETRAC PETROLEUM, INC., a

foreign profit corporation, and in support thereof alleges as follows:

### PARTIES AND GENERAL ALLEGATIONS

1. This is an action for damages in excess of thirty thousand dollars ($30,000.00) exclusive

   of interests, costs, and attorneys' fees.

2. On September 25, 2020, Plaintiff HANNAH BRAUN was appointed by the Probate

   Division of the Circuit Court in and for Pinellas County as Personal Representative of the

   Estate of KEVIN FRISCH, who died on April 19, 2020. A copy of Plaintiff's letters of

   administration is attached as **Exhibit "A"**.

Page 1 of 8

3. Plaintiff HANNAH BRAUN is authorized pursuant to Fla. Stat. § 768.20, to bring this action against Defendant RACETRAC PETROLEUM, INC. in her capacity as Personal Representative of the Estate of KEVIN FRISCH, on behalf of the Estate, and on behalf of the survivors, A.F. and R.F. A.F. and R.F. are minors and are the daughter and son of the decedent. Both minors were under the age of twenty-five at the time of decedent's death and were dependent on decedent for support.

4. At all times relevant to this action, Plaintiff HANNAH BRAUN resided in St. Petersburg, Pinellas County, Florida.

5. At all times relevant to this action, minors A.F. and R.F. resided in St. Petersburg, Pinellas County, Florida.

6. At all times relevant to this action, KEVIN FRISCH resided in St. Petersburg, Pinellas County, Florida.

7. At all times relevant to this action, Defendant RACETRAC PETROLEUM, INC. was a foreign profit corporation, and conducted business in Sarasota County, Florida.

8. Pursuant to Fla. Stat. § 768.21, the potential beneficiaries are:

   a. The Estate of KEVIN FRISCH;

   b. A.F. and R.F, who are minors and the daughter and son of KEVIN FRISCH.

9. The incident that gives rise to this action occurred in Sarasota, Sarasota County, Florida.

## JURISDICTION AND VENUE

10. Jurisdiction and venue are proper in this Court pursuant to Chapter 47, Florida Statutes, because at all times relevant to this action the Defendant RACETRAC PETROLEUM, INC. conducted business in Sarasota County, Florida, and the incident that gives rise to this action occurred in Sarasota County, Florida.

## SUBSTANTIVE ALLEGATIONS

11. This action arises from the wrongful death of KEVIN FRISCH, which occurred on or about April 19, 2020, on the premises owned and/or operated by Defendant RACETRAC PETROLEUM, INC.

12. At all times relevant to this action, Defendant RACETRAC PETROLEUM, INC. was in possession and control of a convenience store/self-service gasoline station located at 5600 Fruitville Road, Sarasota, Florida, 34232 (hereinafter "the RaceTrac").

13. At all times relevant to this action, Defendant RACETRAC PETROLEUM, INC. owned, operated, maintained, managed, and/or leased the RaceTrac as a convenience store/self-service gasoline station which was open to members of the public, including the decedent, KEVIN FRISCH.

14. At all times relevant to this action, Defendant RACETRAC PETROLEUM, INC. negligently, carelessly, and without due regard or concern for the safety of decedent KEVIN FRISCH, or other similar business invitees, impermissibly maintained, operated, and/or controlled the RaceTrac to create, cause, allow, contribute to, and/or or assist in, the creation of foreseeably dangerous conditions on and around the RaceTrac which resulted in the bodily injury and death of decedent KEVIN FRISCH.

15. On or about April 18, 2020, decedent KEVIN FRISCH was a lawful business invitee on and around the RaceTrac located at 5600 Fruitville Road, Sarasota, Florida. On or about April 18, 2020, decedent KEVIN FRISCH parked his vehicle at a self-service gasoline pump on the premises of RaceTrac.

16. While decedent KEVIN FRISCH was parked at the self-service gasoline pump at RaceTrac, decedent eventually died as the result of a drug overdose. Decedent was not discovered until approximately fifteen hours later on April 19, 2020.

17. While decedent KEVIN FRISCH was in his vehicle parked at one of RaceTrac's self-service gasoline pumps, Defendant RACETRAC PETROLEUM, INC. had a duty of care to render and/or secure aid to decedent after it knew or had reason to know that decedent was ill or injured.

18. Upon information and belief, employees working at RaceTrac on April 18, 2020, and April 19, 2020, knew, or should have known, that decedent KEVIN FRISCH's vehicle was parked, at one of RaceTrac's self-service gasoline pumps for several hours. According to Fla. Stat. § 526.141(4)(b) (2020), the dispensing area where self-service gasoline pumps are located shall at all times be in clear view of attendants.

19. Due to the extended duration of time that decedent KEVIN FRISCH's vehicle was parked at RaceTrac's self-service gasoline pumps, employees working at RaceTrac knew, or should have known, that decedent was in need of assistance.

20. The employees made no effort to render and/or secure aid to decedent KEVIN FRISCH for approximately fifteen hours while decedent was parked at one of RaceTrac's self-service gasoline pumps.

21. All conditions precedent to the initiation or maintenance of this action have been performed by Plaintiff HANNAH BRAUN, or have occurred, or have been waived.

[Page intentionally left blank]

## COUNT I—Wrongful Death/Negligence

22. Plaintiff HANNAH BRAUN, as Personal Representative of the Estate of KEVIN FRISCH, re-alleges and incorporates paragraphs one (1) through twenty-one (21) above as if fully set forth herein, and further alleges:

23. At all times relevant to this action, Defendant RACETRAC PETROLEUM, INC. was in control of and/or maintained the subject RaceTrac and was under a legal duty to render and/or secure aid to business invitees of RaceTrac, to include decedent KEVIN FRISCH, after it knows, or has reason to know, that an invitee is ill or injured.

24. At all times relevant to this action, Defendant RACETRAC PETROLEUM INC., by and through its agents, servants, and/or employees, was negligent in rendering and/or securing aid in that Defendant knew, or should have known, that decedent KEVIN FRISCH was in need of medical aid. Defendant's failure to render and/or secure aid resulted in decedent's death.

25. Notwithstanding said duties, Defendant RACETRAC PETROLEUM INC., by and through its agents, servants, and/or employees, was negligent and breached said duties in any or all of, but not limited to, the following ways:

    a. Failed to properly train its employees in their duties regarding rending and/or securing aid; and/or

    b. Failed to render and/or secure aid to decedent KEVIN FRISCH wherein decedent was left unattended for several hours after overdosing, a condition that existed for a sufficient length of time in that Defendant knew or, in the exercise of ordinary care, should have known of; and/or

  c. Failed to establish adequate standards for the safe operation and management of the subject RaceTrac; and/or

  d. Failed to keep and maintain RaceTrac in a reasonably safe condition by failing to render and/or secure aid to invitees that it knew or should have known were ill or injured.

26. The wrongful death of decedent KEVIN FRISCH was reasonably foreseeable, and as such, Defendant RACETRAC PETROLEUM INC. could have, and should have, prevented decedent's death. Overdose victims can be resuscitated after losing consciousness if they receive medical treatment; Defendant could have, and should have, rendered and/or secured aid for decedent when Defendant knew, or should have known, that decedent was ill or injured when decedent was left unattended for nearly fifteen hours.

27. As a direct and proximate result of the negligence of Defendant RACETRAC PETROLEUM INC., decedent KEVIN FRISCH died on or about April 19, 2020, at Defendant's RaceTrac.

### DAMAGES

28. HANNAH BRAUN, as Personal Representative of the Estate of KEVIN FRISCH, makes the following claims for the Decedent's beneficiaries pursuant to Fla. Stat. § 768.21:

### I. CLAIM ON BEHALF OF THE ESTATE OF KEVIN FRISCH

29. The wrongful death of decedent KEVIN FRISCH was a direct and proximate result of Defendant RACETRAC PETROLEUM INC.'s negligence, and the Estate of KEVIN FRISCH has suffered and/or will continue to suffer the following damages:

  a. Loss of prospective net accumulations of an estate, which might reasonably have been expected but for the wrongful death, reduced to present money value; and

    b.  Medical or funeral expenses, or both, which have been incurred due to decedent KEVIN FRISCH' death that have become a charge against his Estate, or that were paid by or on behalf of decedent KEVIN FRISCH.

    c.  Interest and costs.

## II.    CLAIM ON BEHALF OF MINOR CHILDREN A.F. AND R.F.

30. The wrongful death of decedent KEVIN FRISCH was a direct and proximate result of Defendant RACETRAC PETROLEUM INC.'s negligence, and A.F. and R.F., as Decedent's surviving minor children and dependents of decedent, have suffered and/or will continue to suffer the following damages:

    a.  Loss of support and services of decedent KEVIN FRISCH, which would have been received by them from their father in the future from on or about April 19, 2020, reduced to present value;

    b.  Loss of parental companionship, instruction, and guidance from on or about April 19, 2020;

    c.  Great mental pain and suffering from on or about April 19, 2020, and for the remainder of their lives; and

    d.  Interest and costs.

WHEREFORE, Plaintiff HANNAH BRAUN, as Personal Representative of the Estate of KEVIN FRISCH, hereby demands judgment in excess of thirty thousand dollars ($30,000.00) against Defendant RACETRAC PETROLEUM INC., for damages, together with costs, interests, and such other and further relief as this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff HANNAH BRAUN, as Personal Representative of the Estate of KEVIN FRISCH,

hereby demands trial by jury on all issues so triable. DATED this 21st day of January, 2021.

Respectfully submitted,

/s/ *Jeremy S. Clark*
JEREMY CLARK, ESQUIRE
Florida Bar No. 0064753
Clark Law
10812 Gandy Blvd. N.
St. Petersburg, Florida 33702
Ph. 727-202-6917, Fax 727-202-6918
jeremy@tampabayfloridalawyers.com
cari@tampabayfloridalawyers.com
linda@tampabayfloridalawyers.com
rose@tampabayfloridalawyers.com
service@tampabayfloridalawyers.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via process server along with the summons on RACETRAC PETROLEUM INC., c/o Registered Agent Corporate Creations Network Inc. at 801 US Highway 1, North Palm Beach, Florida 33408.

/s/ *Jeremy S. Clark*
JEREMY S. CLARK, ESQUIRE
Florida Bar No. 0064753
Clark Law
10812 Gandy Blvd. N.
St. Petersburg, Florida 33702
Ph. 727-202-6917, Fax 727-202-6918
jeremy@tampabayfloridalawyers.com
cari@tampabayfloridalawyers.com
linda@tampabayfloridalawyers.com
rose@tampabayfloridalawyers.com
service@tampabayfloridalawyers.com
Attorney for Plaintiff